FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 04, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ALICIA S., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 1:18-CV-03141-JTR <br><br> ORDER GRANTING, IN PART, PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 13, 14. Attorney D. James Tree represents Alicia S. (Plaintiff); Special Assistant United States Attorney Martha A. Boden represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 7. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS, IN PART,** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

///

///

///

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . . - 1

## JURISDICTION

Plaintiff filed an application for Supplemental Security Income on January 2, 2015, alleging disability since May 18, 2006,[1] based on bipolar disorder, generalized anxiety disorder, PTSD, obsessive compulsive disorder, ADHD, depression, mania, panic disorder, and dislocated knee. Tr. 86, 254. The application was denied initially and upon reconsideration. Tr. 121-24, 128-33. Administrative Law Judge (ALJ) Wayne Araki held a hearing on February 16, 2017, Tr. 42-76, and issued an unfavorable decision on April 18, 2017, Tr. 17-36. Plaintiff requested review from the Appeals Council. Tr. 186, 307-10. The Appeals Council denied Plaintiff's request for review on June 2, 2018. Tr. 1-5. The ALJ's April 2017 decision thus became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on July 31, 2018. ECF No. 1, 4.

## STATEMENT OF FACTS

Plaintiff was born in 1988 and was 26 years old when she filed her application for benefits. Tr. 35. She dropped out of high school at age 16, and later obtained her GED. Tr. 47-48, 363. She has no work history. Tr. 70.

Plaintiff experienced significant abuse at the hands of her stepfather from age two to eight. Tr. 348, 358, 401, 695. At age nine she was in a serious car accident with her mother. Tr. 396. Plaintiff experienced a head injury and significant damage to her internal organs, resulting in the removal of her spleen.

---

[1] Plaintiff later amended her alleged onset date to the date of the filing of her prior application. At the hearing, the ALJ and the representative believed that date to be October 31, 2013. Tr. 44. It was actually August 21, 2013. Tr. 78. The ALJ declined to reopen the prior application and adjudicated the present claim from the protected filing date forward. Tr. 17.

Tr. 348, 396. Her mother experienced a traumatic brain injury that lead to personality changes. Tr. 401, 422. At the age of 19 Plaintiff was hospitalized for suicidal ideation. Tr. 565-66.

At the hearing Plaintiff testified that her primary barrier to working has been her overwhelming anxiety and her fluctuating moods. Tr. 65-66. She also has reported life-long pain since her car accident. Tr. 329, 358.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

///

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) specific jobs which the claimant can perform exist in the national economy. *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-1194 (2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On April 18, 2017, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since January 2, 2015, the protected filing date. Tr. 19.

At step two, the ALJ determined Plaintiff had the following severe impairments: affective disorder (depression vs. bipolar disorder), anxiety disorder, posttraumatic stress disorder, and personality disorder. *Id.*

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 22-23.

///
///

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found Plaintiff could perform work at all exertional levels with the following non-exertional limitations:

> The claimant is able to remember, understand, and carry out instructions for tasks generally required by occupations with an SVP of 1 or 2. The claimant can have occasional superficial interaction with the general public. The claimant can have occasional interaction with coworkers or supervisors. The claimant is able to interact with supervisors on a frequent basis for up to 30 days. Job tasks should be completed without the assistance of others, but occasional assistance would be tolerated. The claimant is able to adjust to changes in work settings generally associated with occupations with an SVP of 1 or 2. Travel should not be part of job duties. Job duties should not include planning or goal setting.

Tr. 23-24.

At step four, the ALJ found Plaintiff had no past relevant work. Tr. 34.

At step five, the ALJ determined that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff was capable of performing other work that existed in significant numbers in the national economy, including the jobs of industrial cleaner, kitchen helper, housekeeping cleaner, packing line worker, assembler, and document preparer. Tr. 35.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from January 2, 2015, the protected filing date, through the date of the ALJ's decision, April 18, 2017. Tr. 36.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the ALJ erred by (1) improperly rejecting medical opinion evidence; and (2) improperly rejecting Plaintiff's symptom testimony.

# DISCUSSION[2]

## 1. Medical opinion evidence

Plaintiff asserts the ALJ erred by improperly rejecting the opinion evidence from Dr. Mark Duris and Dr. R.A. Cline. ECF No. 13 at 5-13.

In a disability proceeding, the courts distinguish among the opinions of three types of acceptable medical sources: treating physicians, physicians who examine but do not treat the claimant (examining physicians) and those who neither examine nor treat the claimant (nonexamining physicians). *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). A treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a nonexamining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester*, 81 F.3d at 830.

In weighing the medical opinion evidence, an ALJ must make findings setting forth specific, legitimate reasons for the assessment that are based on substantial evidence in the record. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). The ALJ must also set forth the reasoning behind his or her decisions in a way that allows for meaningful review. *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (finding a clear statement of the agency's reasoning is necessary because the Court can affirm the ALJ's decision to deny benefits only on the grounds invoked by the ALJ).

---

[2]In *Lucia v. S.E.C.*, 138 S.Ct. 2044 (2018), the Supreme Court recently held that ALJs of the Securities and Exchange Commission are "Officers of the United States" and thus subject to the Appointments Clause. To the extent *Lucia* applies to Social Security ALJs, the parties have forfeited the issue by failing to raise it in their briefing. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (the Court will not consider matters on appeal that were not specifically addressed in an appellant's opening brief).

Plaintiff attended multiple psychological exams through the Washington State Department of Social and Health Services. On November 26, 2014 she was examined by Dr. Mark Duris, Tr. 348-53, and on December 13, 2016 she was examined by Dr. R.A. Cline, Tr. 694-99. Dr. Duris diagnosed Plaintiff with unspecified major depressive disorder, PTSD, panic disorder with agoraphobia, and borderline personality disorder, and assessed numerous moderate and marked limitations in performing basic work activities. Tr. 350-51. Dr. Cline arrived at similar diagnoses and also assessed numerous moderate and marked limitations. Tr. 696-97.

The ALJ gave both of these opinions little weight, finding them to be uncorroborated by their own objective findings, inconsistent with Plaintiff's activities and the longitudinal record, and based in part on Plaintiff's unreliable self-reports. Tr. 32-34. For the reasons discussed below, the Court finds the ALJ failed to offer specific and legitimate reasons for disregarding these examining opinions.

### A. *Objective findings*

The ALJ found Dr. Duris's and Dr. Cline's opinions were not corroborated by their own objective findings, noting the mostly normal findings on the mental status exams supported some mental limitations, "but not the marked limitations that they have assessed." Tr. 32-33.

Objective findings that are inconsistent with an opinion may serve as a specific and legitimate basis for discounting an examining source's opinion. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). Here, the ALJ's conclusion is not supported by substantial evidence.

The ALJ is correct that Dr. Duris found Plaintiff's mental status exam to be mostly within normal limits other than dysphoric mood. Tr. 352-53. However, the ALJ failed to acknowledge other objective testing performed by Dr. Duris. He administered the Personality Assessment Inventory, which addressed items mostly

consistent with Plaintiff's presentation upon exam. Tr. 349. He concluded that her symptoms were in part driven by her personality structure. Tr. 352. He also noted that his diagnostic conclusions were based on the clinical interview as well as testing. Tr. 350. Furthermore, the ALJ failed to explain how findings on the mental status exam that were within normal limits undermined Dr. Duris's conclusions. Dr. Duris did not find Plaintiff to have significant limitations in *all* areas of functioning; he primarily found problems in her ability to consistently maintain performance over extended periods. Tr. 351. In finding the mental status exam was inconsistent with the opinion, the ALJ failed to draw any connection between the specific results of the mental status exam and the opined limitations, or explain how they were inconsistent.

With respect to Dr. Cline's opinion, the ALJ's analysis fails to acknowledge Dr. Cline's finding that Plaintiff's thought process and content were not within normal limits, and that Plaintiff avoided eye contact and appeared worried. Tr. 33, 698-99. The ALJ also did not acknowledge that Dr. Cline administered other testing, including the Rey (indicating above-average effort and cooperation), the BAI (indicating current marked level of anxiety), and the BDI-II (showing depressive symptoms on the borderline between moderate and marked). Tr. 696. As with Dr. Duris, Dr. Cline did not find Plaintiff to be completely impaired in all areas of functioning, and the ALJ failed to draw any connection between the portions of the objective testing that were normal and how they were inconsistent with the opined limitations.

For these reasons, this was not a specific and legitimate basis to disregard the examining doctors' opinions.

### *B. Plaintiff's activities*

The ALJ found Dr. Duris and Dr. Cline's opinions to be inconsistent with Plaintiff's activities, noting her time spent babysitting her friends' children. Tr. 33.
///

Activities that are inconsistent with a doctor's opinion can serve as a basis for rejecting the opinion; however, absent specific details about responsibilities, the fact that a claimant performed some childcare does not constitute substantial evidence for the rejection of the examining doctors' opinions. *Trevizo v. Berryhill*, 871 F.3d 664, 676 (9th Cir. 2017).

The record contains few details regarding Plaintiff's childcare responsibilities. In April 2014 Plaintiff reported to her counselor that she had had a very stressful week, as she had been helping a friend by caring for the friend's children. Tr. 429. Plaintiff reported she was happy to help her friend, but she was feeling overwhelmed by the responsibilities, and was having difficulty dealing with one of the children's behavior. *Id.* Three months later at a medication management appointment, Plaintiff reported she had been taking care of her friend's kids and helping her friend move, but when she felt stressed she would remove herself from the situation. Tr. 424. In November 2014, at the consultative evaluation with Dr. Duris, Plaintiff informed him that she had been watching her friend's kids for three to eight hours a day in August while her friend was working. Tr. 349. There was no further mention of any childcare until June 2016 when Plaintiff reported spending a lot of time with her friend who had injured her knee, and was helping take care of the friend's two-year-old. Tr. 507. Plaintiff moved in with this family later in the summer and continued to help care for the child. Tr. 782. She expressed a desire to take classes to be paid as a caregiver, Tr. 447, 486-88, 782, but by the time of her hearing she indicated that she did not think she was actually capable of doing so, due to the unpredictable nature of her condition. Tr. 69.

Nothing in the record indicates in any more detail what Plaintiff's responsibilities were in caring for the various children she watched, or how long she maintained any of these caregiving situations. The ALJ's discussion of the various responsibilities of a babysitter, while consistent with the common

understanding of such a position, does not reflect any evidence in the record describing Plaintiff's actual duties. Tr. 33. The ALJ failed to point to any activities Plaintiff engaged in that are inconsistent with the opinions expressed by Dr. Duris and Dr. Cline.[3]

### C. Longitudinal record

The ALJ found the examining doctors' opinions were inconsistent with the longitudinal treatment notes showing Plaintiff's mental conditions to be well-controlled with medication and to have improved with treatment. Tr. 33. He further noted neither Dr. Duris nor Dr. Cline reviewed any outside records, and thus were unaware of the longitudinal trends. *Id.*

Observations of improvement "must be 'read in context of the overall diagnostic picture.'" *Ghanim v. Colvin*, 763 F.3d 1154, 1161-62 (9th Cir. 2014) (quoting *Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001). The fact that a person with mental health impairments makes some improvement "does not mean that the person's impairment no longer seriously affect[s] [her] ability to function in a workplace." *Id.* Here, substantial evidence does not support the ALJ's characterization of the record as being inconsistent with the doctors' opinions.

---

[3] Defendant asserts the ALJ also relied on Plaintiff's ability to read for enjoyment and engage in activities with her boyfriend as evidence of activities that are inconsistent with the doctors' opinions. ECF No. 14 at 11 (citing ALJ's opinion at Tr. 33). The ALJ did not invoke these activities in his analysis and rejection of the doctors' opinions, and thus the Court will not consider this post hoc rationale. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (The Court will "review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely.").

The record indicates that, while Plaintiff did experience improvement with treatment and medication, she remained symptomatic with anxiety, mood dysregulation, and occasional suicidal thoughts. Tr. 449, 498, 505, 509, 518, 521, 527. After several months of feeling improvement and stability, Tr. 470, 478, 482, 490, 500, 509, in December 2016 Plaintiff presented as distressed and very upset over the circumstances of her life. Tr. 468. Later that month she reported increased use of her Clonazepam due to worsening anxiety and fear of the unknown. Tr. 464. At the hearing she testified that her Clonazepam prescription (used as needed for anxiety attacks) had been increased at her last appointment from 10 per month to 20 per month. Tr. 54-55, 59-60. A revision to her treatment plan in January 2017 noted she continued to struggle with irritability, racing thoughts, and being overwhelmed by minimal responsibilities. Tr. 446-47. In context of the entire treatment record, substantial evidence does not support the ALJ's conclusion that Plaintiff's conditions are controlled to the point of non-disability.

### D. Plaintiff's self-reports

The ALJ gave little weight to Dr. Duris and Dr. Cline because their opinions relied, in part, on Plaintiff's self-report. Tr. 33-34.

If a treating provider's opinions are based "to a large extent" on an applicant's self-reports and not on clinical evidence, and the ALJ finds the applicant not credible, the ALJ may discount the treating provider's opinion. *Tommasetti v. Astrue,* 533 F.3d 1035, 1041 (9th Cir.2008); *see also Bayliss v. Barnhart,* 427 F.3d 1211, 1217 (9th Cir. 2005). However, when an opinion is not more heavily based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion. *See Ryan v. Comm'r of Soc. Sec. Admin.,* 528 F.3d 1194, 1199-1200 (9th Cir. 2008).

The Ninth Circuit has taken notice of the relative imprecision of psychiatric methodology, noting that "diagnoses will always depend in part on the patient's

self-report, as well as on the clinician's observations of the patient. But such is the nature of psychiatry. Thus, the rule allowing an ALJ to reject opinions based on self-reports does not apply in the same manner to opinions regarding mental illness." *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017) (internal citations omitted). Defendant offers no defense of the ALJ's use of this rationale. ECF No. 14 at 10-12. There is no evidence that Dr. Duris and Dr. Cline relied to a large extent on Plaintiff's self-reports rather than the objective testing and their professional training and evaluations. Furthermore, as discussed below, the ALJ failed to give clear and convincing reasons for finding Plaintiff's self-reports to be unreliable.

**2.     Plaintiff's subjective complaints**

Plaintiff contends the ALJ erred by improperly rejecting her subjective complaints. ECF No. 13 at 13-21.

It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ concluded Plaintiff's medically determinable impairments could reasonably be expected to cause her alleged symptoms; however, the ALJ found

Plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely consistent with the medical and other evidence of record. Tr. 24. The ALJ listed the following reasons for finding Plaintiff's subjective complaints not persuasive in this case: evidence of noncompliance; good response to treatment; normal mental status findings; activities; other inconsistencies in the record; and situational stressors. Tr. 24-30.

### A. *Evidence of noncompliance*

The ALJ found Plaintiff's allegations were "not enhanced by evidence of noncompliance." Tr. 24. The ALJ cited a single instance of Plaintiff being discharged from treatment due to multiple no-shows to appointments. *Id.* This single event does not constitute substantial evidence to undermine the reliability of Plaintiff's reports. The ALJ failed to consider the entire context of this event: Plaintiff reported she had experienced an exacerbation of her depression at that time, resulting in an inability to leave her home. Tr. 275, 440. She re-engaged in services two months later when her depression lifted enough to allow her to "start functioning again." Tr. 440. The Ninth Circuit has found that "it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation." *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996).

### B. *Good response to treatment*

The ALJ found that ever since Plaintiff had engaged in treatment and began medication management, her mental conditions had been well controlled, indicating her allegations of incapacitating symptoms were out of proportion to the record. Tr. 25-27.

As discussed above regarding the examining sources, the record must be read in context. "Cycles of improvement and debilitating symptoms are a common occurrence, and in such circumstances it is error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat

them as a basis for concluding a claimant is capable of working." *Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014).

Plaintiff's improvement in the face of new medications in 2016 did not result in the elimination of her symptoms. She continued to present at times feeling stressed, anxious, and overwhelmed (Tr. 486, 527), having depressed or anxious mood and affect (Tr. 468, 505, 518, 522), and using Clonazepam for break-through anxiety episodes (Tr. 464, 490, 510). Revisions to her treatment plan continued to focus on decreasing anxiety and trigger responses and being better able to tend to daily life without becoming overwhelmed. Tr. 446-47, 451-52. Plaintiff herself reported to Dr. Cline and at the hearing that she experienced some benefits from treatment and medication, but that this did not result in the elimination of her symptoms. Tr. 51-57, 65-67, 694.

The ALJ's characterization of the record as showing Plaintiff's conditions to be well controlled is not supported by substantial evidence.

*C. Activities*

The ALJ found Plaintiff's activities suggested that she retained greater functional abilities than described. Tr. 28. Specifically, the ALJ pointed to Plaintiff's ability to maintain relationships with her boyfriend and some close friends, and her ability to babysit, along with her desire to be paid for babysitting. *Id.*

A claimant's daily activities may support an adverse credibility finding if the claimant's activities contradict her other testimony. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). However, the ability to perform some activities and maintain some personal relationships is not necessarily inconsistent with a claim of disability. *Garrison*, 759 F.3d at 1016; *see also Benecke v. Barnhart,* 379 F.3d 587, 594 (9th Cir. 2004) (though inconsistent daily activities may provide a justification for rejecting symptom testimony, "the mere fact that a plaintiff has

///

carried on certain daily activities ... does not in any way detract from her credibility as to her overall disability.").

The ALJ failed to explain how the ability to maintain some personal relationships is inconsistent with Plaintiff's allegations of disabling anxiety and mood dysregulation. Tr. 28. Furthermore, as discussed above, the record contains insufficient detail for the ALJ to draw useful conclusions about Plaintiff's responsibilities in terms of childcare. Finally, her desire to work and be paid for childcare does not equate with an ability to do so.

### D. Other inconsistencies in the record

The ALJ found Plaintiff had a history of questionable self-reporting that undermined the reliability of her reports. Tr. 28-29.

The ALJ pointed to consultative examiner Dr. Aaron Burdge's statements questioning the veracity of Plaintiff's reports in 2013. Tr. 28, 363. Despite his doubts, Dr. Burdge ultimately concluded that Plaintiff would experience marked limitations in her ability to maintain basic work activities. Tr. 365. As the ALJ pointed out in giving limited weight to Dr. Burdge's disabling opinion, it predates the period at issue. Tr. 30. The Court finds this single instance of an examining doctor questioning Plaintiff's reports, but ultimately finding functional limitations, does not constitute substantial evidence for the ALJ to reject Plaintiff's symptom testimony.

The ALJ also pointed to Dr. Duris's exam finding no history of mania to undermine Plaintiff's reports of manic episodes. Tr. 28. A complete reading of Dr. Duris's report, however, reveals only Dr. Duris's interpretation that Plaintiff herself may not understand the nature of her condition. Tr. 349. Dr. Duris noted Plaintiff's PAI profile was valid, and that it was simply more likely that the proper label for her condition was borderline personality disorder, rather than bipolar disorder, "which may account for the mania or hypomania-like presentation others have picked up on." *Id.* There is no inconsistency.

1	The ALJ also noted contradictory evidence in the file as to whether Plaintiff
2	received any special education accommodations while in school. Tr. 28. The ALJ
3	relied on a statement from Dr. Burdge's exam stating: "No learning problems or
4	Special Ed reported." Tr. 363. In all other instances in the record when her
5	education history is discussed, Plaintiff reported receiving some special
6	educational services following her injuries in a car accident at age nine. Tr. 48,
7	255, 265, 348, 358. The Court finds this single discrepancy constitutes no more
8	than a "mere scintilla" of evidence of inconsistent statements, and thus does not
9	constitute substantial evidence. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th
10	Cir. 2007).

The ALJ found Plaintiff's lack of treatment or workup for many of her physical impairments and the lack of reports of debilitating pain and fatigue prior to 2016 to undermine Plaintiff's reliability. Tr. 28-29. The ALJ is incorrect that Plaintiff did not report widespread pain prior to 2016; though she did not receive treatment, she did report having pain and other physical problems. Tr. 329, 348, 358, 362, 396, 399. It is unclear from the ALJ's discussion how Plaintiff's lack of treatment for non-severe physical impairments undermines the reliability of her mental health symptom reports. Without a clear discussion of what specific testimony was questionable, this does not constitute a specific and legitimate reason.

### E. Situational Stressors

The ALJ found that the record showed a significant situational component to Plaintiff's mental condition, and that the evidence indicated her problems were, "at least in part, situational in nature, rather than stemming from medically determinable impairments." Tr. 29-30.

The ALJ failed to explain how the additional presence of situational stressors diminished the reliability of Plaintiff's symptom testimony. The ALJ found Plaintiff has severe medically determinable mental health impairments. Tr.

19. Plaintiff has suffered from significant mental impairments her entire life, a fact that is undisputed. Defendant has offered no defense of the ALJ's rationale on this point. The Court finds this factor does not meet the specific and legitimate standard.

### F. *Normal mental status findings*

The ALJ found Plaintiff's symptom reports to be unsupported by the typically normal mental status findings at counseling sessions and her unremarkable presentation during visits with other treatment providers. Tr. 27.

An ALJ may cite inconsistencies between a claimant's testimony and the objective medical evidence in discounting the claimant's symptom statements. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009). But this cannot be the only reason provided by the ALJ. *See Lester*, 81 F.3d at 834 (the ALJ may not discredit the claimant's testimony as to subjective symptoms merely because they are unsupported by objective evidence); *see Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (although it cannot serve as the sole ground for rejecting a claimant's credibility, objective medical evidence is a "relevant factor in determining the severity of the claimant's pain and its disabling effects.").

As the Court finds none of the ALJ's other stated reasons for questioning Plaintiff's symptom reports constitute specific and legitimate reasons, this reason alone is insufficient.

## CONCLUSION

Plaintiff argues the ALJ's decision should be reversed and remanded for the payment of benefits. The Court has the discretion to remand a case for additional evidence and findings or to award benefits. *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose. *Id*. Remand is appropriate when additional administrative proceedings could remedy defects.

*Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). In this case, the Court finds that further development is necessary for a proper determination to be made.

The ALJ's RFC determination is not supported by substantial evidence and must be reevaluated. On remand, the ALJ shall reassess the medical evidence, specifically the opinions of Drs. Duris and Cline. The ALJ shall reevaluate Plaintiff's subjective complaints, formulate a new RFC, obtain supplemental testimony from a vocational expert, if necessary, and take into consideration any other evidence or testimony relevant to Plaintiff's disability claim.

Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 13**, is **GRANTED, IN PART**.

2. Defendant's Motion for Summary Judgment, **ECF No. 14**, is **DENIED**.

3. The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4. An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED June 4, 2019.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE